## STATE *versus* TIBBETTS.

Proof that prohibited sales were made at the store of a trader, of articles belonging to him, by a clerk in his employ, does not alone create a *legal presumption* of guilt in such trader, though having knowledge of such sales and receiving the pay for the articles sold.

Such proof would authorize a *jury* to *infer*, that the trader either directed or assented to the sales, but would not justify the *Court* in deciding, *as matter of law*, that unless there should be some opposing proof, he would be equally responsible for the sales, as if made by himself.

ON EXCEPTIONS from the *District Court*, HATHAWAY, J.

INDICTMENT against the defendant as a common seller of intoxicating liquors.

There was evidence tending to show that such liquors belonging to the defendant were sold in his shop, by a clerk in his employ, the defendant having knowledge of such sales, and receiving the pay for the liquors. The clerk was called as a witness by the defendant.

The Judge instructed the jury, that if sales of such liquors belonging to the defendant were made in his shop, by a clerk in his employ, the defendant having knowledge of the sales, and receiving pay for the same, the *presumption* was, that it was done by his direction or consent, unless there be some proof to the contrary; and that he would be equally responsible for the sales, as if made by himself. To that instruction the defendant excepted.

*J. A. Peters*, for the defendant.

The words in the instructions " receiving pay," do not mean that he took pay *at the time of sale*, but only that it went into his money.

In addition to every thing that was proved, one more element was necessary to constitute crime. The respondent might know of the sales, and after the sales might receive the pay for them, and still have disapproved of the sales. The guilt would not depend upon any act after the sales, where the intention was good at the time of sale. All the facts proven therefore *might* be consistent with innocence.

The Judge erred in stating that there was any *presumption* about it. It was the very point for proof. If there was any presumption, it was one of fact only, which should have been left to the jury. It was their province ; something which should have been left to the jury to decide according to their own convictions. What should therefore have been left *to* the jury, was decided *for* them.

Then further, the Court was still more in error to add that this was so, *unless* there was proof to the contrary, and that the respondent would be legally as much responsible for the sales as if made by himself.

This was in effect saying that upon the facts proven, he must be found responsible, unless he adduces proof to clear himself.

It was as much as to say, that the respondent stands now guilty, and the burthen rests on himself to remove the guilt. *State* v. *Flye*, 26 Maine, 312.

Again, the clerk was a witness. He could have been interrogated. Presumptions cannot be used when better evidence is at hand to the government.

RICE, J. — The defendant objects that the Judge who presided at the trial, instructed the jury that if certain facts enumerated by him, were proved, it raised a presumption against the defendant which would render him liable, unless there was some proof to the contrary, thereby deciding an issue of fact, which should have been submitted to the jury.

A presumption is a probable inference, which our common sense draws from circumstances usually occurring in such cases. The slightest presumption is of the nature of probability; and there are almost infinite shades from the lightest probability to the highest moral certainty. 1 Phil. Ev. 156.

A presumption, in the proper and technical sense of the word, is much more limited in its nature, than presumptive or circumstantial evidence. A presumption, strictly speaking, results from a previous known and ascertained connection between the presumed fact, and the fact from which the inference is made, without the intervention of any act of reason in the individual instance; on the other hand, circumstantial evidence, that is, indirect evidence to prove a fact, may depend wholly on a process of reasoning, applied to the facts of the particular case, although the mind may never have experienced such a combination before. 4 Stark. Ev. 1246.

There are presumptions of law which are deemed absolute and conclusive proofs in themselves. There are also presumptions of law and fact which constitute proof, *prima facie*, subject, however, to be rebutted and controlled by other evidence. Presumptions may also arise, or more strictly speaking, inferences may be drawn from circumstances peculiar to a particular case when the facts existing tend to establish the fact sought to be proved.

The question for consideration is, whether the facts stated by the Judge, in his instructions to the jury, were, if proved, of such a character as to raise a presumption against the defendant so strong, that in the absence of proof to the contrary the jury were bound to convict, or whether these facts should not have been treated as circumstances from which the jury might or might not infer the guilt of the accused, as they should bear with greater or less force upon their minds.

That innocence is to be presumed till the contrary is proved may be called a presumption of the law, founded on universal principles of justice. 1 Phil. Ev. 157. This principle in favor of innocence is, it has been held, too strong to be overcome by any artificial intendment of law. 4 Stark. Ev. 1242.

In *Commonwealth* v. *Kimball*, 24 Pick. 373, which was an indictment for retailing spirituous liquors contrary to law, the Judge instructed the jury that "when the government have made out a *prima facie* case, it is then incumbent on the defendant to restore himself to that presumption of innocence in which he was at the commencement of the trial." The Court say, "the presumption of innocence remains in aid of any other proof offered by the defendant to rebut the prosecutor's *prima facie* case. The Court are of opinion that the jury should have been instructed, that the burden of proof was upon the Commonwealth to prove the guilt of the defendant, and that he was to be presumed innocent unless the whole evidence in the case satisfied them that he was guilty."

One of the most common cases for the application of the rule giving effect to presumptive evidence, and perhaps one of the strongest, is that in which a larceny is proved to have been committed, and the stolen goods are found, immediately afterwards, in the possession of the accused. In the case, *State* v. *Merrill*, 19 Maine, 398, C. J. Weston says, "in prosecution for larceny, when the goods are proved to have been stolen, it is a rule of law, applicable in those cases, that possession by the accused, soon after they were stolen, raises a reasonable presumption of his guilt. And unless he can

account for that possession consistently with his innocence, will justify his conviction. Such evidence is sufficient to make out a *prima facie* case, on the part of the government, *proper to be left to the jury.*

In the case of *State* v. *Flye*, for forgery, 26 Maine, 312, " the Court instructed the jury, that if it was proved that the order came into the hands of the defendant unaltered, and came out of his hands altered, the burthen of proof was on the defendant to prove that he did not alter it."

The Court say, " proof that the order came to the hands of the defendant unaltered and came out of his hands altered, unexplained, might raise the presumption that he made the alteration and make out a *prima facie* case for the State ; and it might be very difficult to rebut or control this presumption. But this evidence was only presumptive, and *not conclusive ;* the burthen was still upon the government as before, which the prosecuting officer does not controvert ; the jury are bound to acquit unless from all the evidence, every reasonable doubt was removed.

The case finds that the clerk was put upon the stand by the respondent, but none of the evidence either for the government or the respondent is reported.

The facts detailed by the Judge, if proved would undoubtedly tend strongly to prove that the clerk acted as the agent of the defendant. They were circumstances from which, if unexplained, the jury might legitimately infer authority from the defendant to the clerk to act for him. They are not, however, of such a character, even if unexplained, as to raise a conclusive presumption, as the language of the instruction would seem to indicate. It was proper for the Court to explain to the jury the character and tendency of this testimony ; its weight and effect was matter which should have been submitted to them for their determination.

*. The exceptions are sustained*
*and a new trial granted.*

SHEPLEY, C. J., and WELLS and APPLETON, J. J., concurred.