Slauson vs. Goodrich Transportation Co.

SLAUSON, Appellant, vs. GOODRICH TRANSPORTATION COMPANY, Respondent.

*March 1 — March 22, 1898.*

*Ejectment: Evidence of title: Deed, reference to plat: Evidence on second trial: Record on appeal.*

1. In order to recover in ejectment, where neither the pleadings nor the proof show that the parties derived their titles from a common grantor, or show the source of the defendant's title, or that he had

ever been in possession of the land, the plaintiff must either connect himself with the government title or with some grantor who was the common source of title to both parties.

2. Where a deed, in describing the property conveyed, refers to a map or plat as marking the natural boundaries of such property, such plat should be considered as giving the true description as much as though it was marked down on the deed.

3. In order that the competency of a document, which was offered in evidence at the trial and excluded, may be determined on appeal, it must be brought into the record.

4. Where a judgment is vacated, the action stands for trial as if it never had been tried, and the fact that evidence which was incompetent was admitted at the former trial is no reason for its admission upon a subsequent trial.

APPEAL from a judgment of the circuit court for Racine county: JOHN GOODLAND, Judge. *Affirmed.*

Ejectment. The complaint is in the ordinary form, alleging that plaintiff is the owner and entitled to the possession of the premises described, and that defendant unlawfully withholds possession. The answer is a general denial, and a further defense that plaintiff nor her ancestors or grantors had been possessed of the premises within twenty years preceding the commencement of the action. A judgment for plaintiff on the merits was affirmed in this court. 94 Wis. 642. Within the time limited by statute, defendant paid the costs and took a new trial.

At the opening of the trial, plaintiff's counsel made the following statement: "It is conceded for the purposes of this trial that Isaac Taylor, in his lifetime, owned all the lands between Second street and Root river that lay east of a point 140 feet east of the east line of Chatham street." Counsel for defendant responded: "I will examine the abstract of title and the deeds of the lands referred to, and I will inform you [addressing Mr. Fish, plaintiff's counsel] to-morrow morning whether I will agree to your requested stipulation or not." No further reference to this stipulation appears in the bill of exceptions. Plaintiff's counsel then

offered in evidence a deed from one Taylor and wife to William Waterman, said to describe a piece of land immediately west of the lands in controversy. The date or place of record of this deed does not appear. Next, the will of Isaac Taylor, in which Emeline Taylor is named as devisee, was offered. Then followed a deed from Emeline Taylor to James H. Kelly, George Murray, and George W. Slauson. This deeds purports to convey parts of block 7 of the original plat of Racine, and is assumed by plaintiff's counsel to cover the land in suit, but there is no evidence in the bill of exceptions from which this fact can be definitely determined. Plaintiff's counsel then called a witness for the purpose of showing "where Root river was at the time this deed was made." This testimony was objected to and the objection sustained. Plaintiff's counsel then offered to make further proof along that line, and to show title from Kelly and Murray, through mesne conveyances, to plaintiff, of the property claimed in her complaint. References were made to plat No. 1 and map No. 8, which were offered by plaintiff, but which are not preserved in the bill of exceptions. Plaintiff thereupon rested her case, a nonsuit was granted, and judgment was entered for defendant, from which this appeal is taken.

For the appellant there was a brief by *John T. Fish*, of counsel, and *Quarles, Spence & Quarles*, attorneys, and oral argument by *J. V. Quarles*. They contended that a deed is to be construed with reference to the actual state of the property at the time of its execution. Broom, Legal Maxims, 532, 682; 3 Washb. Real Prop. (4th ed.), 384, 408–422; *Roberts v. Roberts*, 55 N. Y. 275; 3 Kent, Comm. 434. The same deed was received in evidence upon the first trial and was construed as evidence of title, and that construction was approved by the supreme court by affirming the judgment. *Lathrop v. Knapp*, 37 Wis. 307, 312; *Klatt v. N. C. Foster Lumber Co.* 97 id. 641.

For the respondent there was a brief by *Thomas M. Kearney*, of counsel, and oral argument by *Mr. Kearney* and *Mr. W. D. Thompson.*

BARDEEN, J.   We are placed at some disadvantage by reason of a dispute having arisen between counsel as to the actual facts that were before the trial court at the time the motion for nonsuit was granted.   A reference to the bill of exceptions, however, seems to settle the contention adversely to the claims of appellant.   Neither have we been favored by any definite assignment of error upon which appellant relies, unless it be the broad statement that the court erred in the granting of a nonsuit.   This requires an examination of the evidence received and offered on the trial, and the rulings of the court thereon.

A party claiming title and right to possession of land, under a very familiar rule, must recover upon the strength of his own title, rather than upon the weakness of the title of his adversary.   Ordinarily, the plaintiff must connect himself with the government title, unless both parties claim from a common source, as was the case in *Sexton v. Rhames,* 13 Wis. 99.   But here neither the pleadings nor the proof offered show a common grantor.   There is not a whisper in the evidence indicating from what source respondent claims title.   Neither does the answer disclose any information from which a deduction can be made as to the source of respondent's title, nor does the evidence received or offered show that respondent was, or ever had been, in possession of the land.   Such being the state of the record it became necessary for the appellant either to connect herself with the government title or with some grantor who was the common source of title.   Such necessity seems to have been in the mind of counsel for appellant when he asked for the stipulation referred to in the statement of facts.   The stipulation not having been consented to, and there being a

failure of appellant to connect herself with the original title, it follows as a necessary conclusion that her title failed, and the nonsuit was properly ordered.

Still further, there was no evidence that appellant or her grantors had ever been in possession of the disputed premises, so as to give rise to any presumptions which such possession might give. *Ablard v. Fitzgerald*, 87 Wis. 516. But, if this were not so, there is still another reason why, under the situation presented, the conclusion of the trial court was right. When evidence was offered to show the condition of things at the time of the execution and delivery of the deed from Emeline A. Taylor to Kelly, Murray, and Slauson, counsel referred to a certain plat marked "Plat No. 1," and a map "No. 8," which were ruled out. These papers, taken in connection with this deed, it is argued, would have shown the condition of the land at the time the deed was executed, and were essential to appellant's case. Whether this be so or not, the failure to preserve them in the bill of exceptions leaves us powerless to determine their competency. When a document is offered and excluded, it must be brought into the record, in order that the court, on appeal, may determine its competency. Elliott, App. Proc. § 748. Map No. 8 seems to have been a paper that was used on the hearing of this case in this court on the former appeal. At the trial it does not appear to have been marked or identified, nor is it attached to or referred to in the bill of exceptions on this appeal, any further than has been stated. This court can take cognizance of papers or documents which are not a part of the judgment roll only when they have been preserved and properly identified in the bill of exceptions. The deed from Emeline A. Taylor to Kelly, Murray, and Slauson purports to convey a tract of land being "part of block 7 according to the original plat of the village, now city, of Racine, made by Moses Vilas, surveyor, and recorded in the office of the register of deeds of said Racine county." Respondent's

counsel objected to the reception of this deed unless the plat referred to therein was produced. Appellant's counsel refused to produce the plat, because "it did not show the condition at the time the deed was made." The deed was admitted. A witness was then produced, who testified that Root river flowed into Lake Michigan at different places at different periods. Counsel announced that the purpose of this testimony was to show where Root river was at the time the deed was made. Further testimony along this line was objected to because the tract conveyed by the deed was in block 7, while the land sought to be recovered was not included therein, but was adjacent to block 67. In the colloquy which ensued between the court and counsel, it must be assumed that, if the plat referred to in the deed should govern, the deed conveyed no portion of the disputed premises. This was the conclusion of the trial court, and upon which he sustained the objection. With this decision we certainly agree.

The deed in question purported to cover only a portion of block 7 according to the original plat made by Moses Vilas, surveyor. "A deed containing a description, and referring to a map having lines drawn upon it, and marking natural boundaries and the natural objects delineated on its surface, should be considered as giving the true description of the land, as much as if the map were marked down on the deed." 2 Devlin, Deeds, §§ 1020, 1021; *Chapman v. Polack*, 70 Cal. 487. And see *Masterson v. Munro*, 105 Cal. 431; *Schenley v. Pittsburgh*, 104 Pa. St. 472. In this case, the deed calling for a tract of land in block 7, according to a specific survey, cannot be extended to cover land in some other block by the evidence received or offered at the trial. If the deed in question does not convey the disputed tract when read with reference to the plat, then the grantee should seek its reformation. The fact, if it be a fact, that this deed was offered and received in evidence on the former trial cuts no figure in this case.

Under R. S. 1878, sec. 3092, respondent was entitled to a new trial upon compliance with its terms. When the judgment was vacated, the action stood for trial as if it had never been tried. *Green Bay & M. Canal Co. v. Hewitt,* 62 Wis. 316; *Hewitt v. Wis. River Land Co.* 81 Wis. 546; *Edwards v. Edwards,* 22 Ill. 121; *Hammond v. Carter,* 161 Ill. 621; *Donahue v. Klassner,* 22 Mich. 252; *Eichert v. Schaffer,* 161 Pa. St. 519; *Brownsville v. Cavazos,* 100 U. S. 138.

The view we have taken of this case renders it unnecessary to determine the motion of respondent to strike out a part of the record sent to this court. The provisions of rule VII½ are plain and easily understood, and at this late day there is no excuse for a violation of it.

*By the Court.*— The judgment of the circuit court is affirmed.

With this case as reported in 40 L. R. A. 825, there is a note on the effect of a prior decision upon the statutory new trial in a real action.— REP.

