STATE, Plaintiff, vs. O'LEARY, Defendant.
STATE, Plaintiff, vs. SULLIVAN, Defendant.

*January 14—March 8, 1932.*

298

*Spencer Haven* of Hudson, counsel for the Board of State Bar Commissioners, for the plaintiff.

For the defendants there was a brief by *Philip A. Mc-Hugh* of Detroit, Mich., and oral argument by *John F. L. O'Leary* of Milwaukee *in pro. per.*

WICKHEM, J.   Both of the defendants were convicted on the 15th day of January, 1930, in the United States district court for the Eastern district of Wisconsin, upon an indictment which charged a conspiracy to defraud, and defrauding the United States government. · Defendants appealed to the circuit court of appeals, but the appeal was dismissed.

In the proceedings before the referee, count one charges the conviction heretofore set forth.  Count two charges that the defendants, in attempting to have settled a bill of exceptions on their proposed appeal from conviction, made certain alterations and additions to the certified transcript furnished them by the court reporter.  It is alleged that these alterations and additions consisted of recitation of facts which had not transpired on the trial, and also the insertion into the record of exceptions which were not in fact taken as required by the law and practice of the United States district court.  It is charged that the altered transcript was served upon the United States district court for the purpose

of having it settled as a bill of exceptions on appeal, and of defrauding and misleading the court of appeals and the district court. The answer with respect to count one admits the conviction but attacks the sufficiency of the indictment. With respect to count two the answer admits the facts but pleads inexperience, good faith, and reliance upon the advice of an experienced lawyer.

It is plain from a reading of the findings of the referee that the serious charge, and the one which, in the opinion of the referee, warrants the severe judgment which the referee recommends, is contained in count one. The concession was made upon the oral argument that in the absence of count one, such disciplinary action as might have been recommended would have fallen considerably short of a permanent disbarment, in view of the doubt in the mind of the referee whether the acts charged in count two evidenced ignorance or evil intent.

It is evident that the recommendation that defendants' licenses be revoked is based upon their conviction of a crime involving moral turpitude and indicating their unfitness to be intrusted with the responsibilities of attorneys. It is with reference to this count that further proceedings and further testimony are desired by the defendants. The grounds for the motion for re-reference are: first, that no testimony was adduced before the referee to establish the guilt of the defendants, other than the record of their conviction; second, that defendants desire an opportunity to present in their behalf evidence tending to show that they were in fact innocent of the crime charged; and third, that the crime sought to be charged, and of which they were convicted, was not indictable and is not a crime. Upon the oral argument counsel for defendants was directed to submit a brief on the following propositions of law: (1) Does the indictment upon which defendants were convicted charge an offense that is not indictable, whereby the trial court was entirely without jurisdiction, with the result that the con-

viction of defendants is totally void? (2) Is the record of conviction conclusive evidence of guilt in a proceeding for the disbarment of an attorney? In the view that the court takes of this case we find it unnecessary to discuss the first question submitted. If the record of conviction should be held to constitute an absolute bar to any inquiry as to the fitness of defendants to practice law, it would be necessary to consider the contentions which have been elaborately briefed in response to the question submitted.

We have come to the conclusion, however, that question No. 2 must receive a negative answer. The statutes of Wisconsin contain no provisions constituting conviction of felony or misdemeanor involving moral turpitude a separate, distinct, and independent ground for disbarment. Hence the question in every disbarment proceeding is whether the facts show that the defendant does not possess the essential character qualifications to continue in the profession. Assuming disbarment proceedings to have followed a defendant's conviction for a crime involving moral turpitude, the question is, What weight, if any, is to be given to the fact of conviction? What probative force has the conviction in establishing the guilt of the attorney against whom the disbarment proceedings are prosecuted, and his unfitness to continue as a member of the bar?

It is our conclusion that evidence of a conviction which stands unreversed, and which involves the solemn finding of a jury and the judgment of a court, that defendant has been guilty of acts involving such moral turpitude as to indicate his unworthiness to continue as a member of the bar, is not merely evidence of his guilt and his unfitness to practice law, but that *prima facie* it establishes both facts. In *In re Weare,* 62 Law Jour. N. S. (Q. B. Div.) 596, Lord ESHER, M. R., states:

"Where a man has been convicted of a criminal offense that *prima facie,* at all events, makes him a person unfit to be a member of an honorable profession."

In the case of *In re Kaufmann*, 245 N. Y. 423, 157 N. E. 730, the petitioners, while members of the bar of the state of New York, were convicted in the United States district court of the crime of conspiracy to make a false report to the alien property custodian as to the ownership of property in their possession. The conviction was affirmed by the circuit court of appeals, and *certiorari* refused by the United States supreme court. The petitioners had been sentenced to serve a term of one year and one day in the United States penitentiary at Atlanta, Georgia. Thereafter the sentence was commuted to imprisonment for one year in Westchester county penitentiary. A second commutation reduced the term of imprisonment to one month, which was served. Later, a full pardon was granted to the petitioners upon the recommendations of the attorney general, who expressed the belief, after an examination of the record, that the petitioners were innocent. It was provided by the statutes of New York that upon presentation to the appellate division of the supreme court of a certified copy of a judgment of conviction for felony, the name of the person convicted should be stricken from the roll of attorneys. It was further provided that upon reversal of the conviction or pardon by the president or governor, the appellate division should have power to vacate or modify the order of disbarment. Upon his petition to the appellate division it was held that the court was concluded by the conviction, and had no power to review the proceedings for the purpose of ascertaining the guilt or innocence of the petitioner. On appeal to the court of appeals the order denying the petition was reversed. The court, speaking through Mr. Justice CARDOZO, said:

"A permanent disability to rise to the demands of justice will not be read into the judicial scheme by dubious construction. Back of the power of reinstatement there is a very difficult rationale. The rationale rather is that reversal or pardon impeaches the conviction to this extent at least, that the convict may show, if he can, that justice has mis-

carried. In the vast majority of cases he will urge his plaint in vain. A court jealously mindful of the honor of the profession will be slow to override the verdict of a jury which heard the witnesses and saw them. Rare instances may arise, however, where one convicted, disbarred, and pardoned may be able to satisfy the court that his guilt has not been proved, or even to go farther and demonstrate his innocence. In these exceptional conditions, the administration of justice would be subject to reproach if an implacable law of remedies were to close the door forever upon the hope of vindication."

From what has been said in the cases heretofore cited, we think it is clear that the attorney who has been convicted of a crime involving moral turpitude cannot successfully contend that the fact of his conviction is not sufficient evidence in disbarment proceedings to support a conclusion that he was guilty of the crime. But the conviction cannot justly be considered to have any greater effect than this. A judgment of conviction cannot be urged to be conclusive against an attorney upon any ground of *res adjudicata*, even though the judgment has been rendered by a court of the same sovereignty. *In re Kaufmann, supra.* To hold otherwise would be virtually equivalent to making the conviction of crime involving moral turpitude an independent cause for disbarment. The legislature has not done this, and the court is of the opinion that such a rule is too stringent.

Upon the disbarment proceedings, however, the sole inquiry is the moral character of the defendants. Neither their acquittal nor their conviction closes this inquiry. Nor are any technical defects in the indictment of any interest or significance. Had the defendants, at any stage of the criminal proceedings, successfully attacked the indictment upon which they were convicted, upon the ground that there could be no conspiracy to commit an offense requiring a plurality of agents (such as bribery) when the indictment shows the offense to have been consummated, this purely technical vic-

tory would not even tend to vindicate their characters. However, defendants may show, if they are able so to do, that the facts which formed the basis for their conviction are not true, and it is considered that the matter should be referred solely for the purpose of giving defendants this opportunity.

*By the Court.*—Defendants' motion for re-reference to the referee is granted, and the cause is remanded to the referee for further proceedings in accordance with this opinion.