### W. G. SMITH v. STATE.

No. A-9776. March 5, 1941.

(111 P. 2d 198.)

298

H. M. Shirley, of Coalgate, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J.  The defendant, W. G. Smith, was jointly charged with Roy Hatfield and Roy Smiley by information on December 2, 1938, with cutting and injuring timber; was tried, convicted, and fined $25, from which judgment and conviction he appeals to this court.

The only contention made by the defendant is that the trial court erred in overruling his motion for a new trial for the reason the evidence was not sufficient to support the verdict.

The prosecuting witness identified the defendant as being one of the men whom he saw cut timber from an unfenced tract on certain land owned by him.  The defendant was arrested by the owner at that time.  The complainant admits that the defendant told him at the time of his arrest that he was cutting the timber for one Bud London.  The defendant introduced the testimony of several witnesses who knew that the defendant had been hired by London to cut this timber.  The sawmill owner testified that when the logs were brought to the mill, the de-

fendant would leave part of the proceeds from the sale of the logs to his mill with him to be paid to London.

There is no proof that the defendant was even acquainted with the prosecuting witness; and no evidence of wantonness or malice was introduced, unless it can be said that the act of defendant in cutting the timber is sufficient to infer wantonness or malice as the same is defined.

Defendant was charged under section 2341, O. S. 1931, 21 Okla. St. Ann. § 1769, which reads as follows:

"Every person who shall wantonly or maliciously cut, dig up, or injure any timber set out, planted, cultivated, or growing naturally * * * shall be deemed guilty of a misdemeanor. * * *"

"Wanton" is defined in Webster's New International Dictionary (1910 Ed.) : "4. Reckless; heedless; malicious; as, wanton mischief."

An act, to be done "wantonly," must be done intentionally and by design, and without excuse, and under circumstances evincing a lawless and destructive spirit. Branch v. State, 41 Tex. 622.

"Wantonly" implies turpitude and such a degree of rashness as evinces total want of care. Kaplan v. Williams, 245 Ill. App. 542.

"Wantonly" is defined as showing reckless disregard of lawful rights of the owner and heedlessness of the necessary results of the act complained of. Werner v. State, 93 Wis. 266, 67 N. W. 417.

"Wantonly," in a criminal sense, implies that the act was done of a licentious spirit, perversely, recklessly, without regard to propriety or the rights of others, careless of consequences, and yet without settled malice. State v. Morgan, 98 N. C. 641, 3 S. E. 927; State v. Gilligan, 23 R. I. 400, 50 A. 844.

Section 1782, O. S. 1931, 21 Okla. St. Ann. § 95, is as follows:

"The terms 'malice' and 'maliciously,' when so employed, import a wish to vex, annoy or injure another person, established either by proof or presumption of law."

"Wantonly and maliciously" are defined as meaning an evil and unlawful purpose. Romans v. McGinnis, 156 Ky. 205, 160 S. W. 928.

In Colbert v. State, 7 Okla. Cr. 401, 124 P. 78, 79, this court said:

"In prosecutions for malicious mischief, malice toward the owner of the property injured is the gravamen of the offense, without which it would be a mere trespass. * * * The intent with which an act is done is material, and, if it be shown that the defendant acted in good faith or under a claim of right, the charge of malicious mischief cannot be sustained. * * *

"It has been repeatedly decided that in cases of malicious mischief the spirit in which the act was done must be toward the owner of the property, and not against the property itself."

Before a defendant can be convicted under the above statute, there must be some evidence showing that he injured the timber of another with the intent to vex, annoy or injure him, or that accused's act was done with such reckless or heedless disregard for the rights of the owner that the intent to vex, annoy or injure is inferred. This statute is not directed at a person who cuts, digs up, or injures timber of another in good faith under claim of right, but at one who does these acts wantonly or maliciously. Wantonness or malice is an essential element of the crime and must be proven.

The defendant was charged under the wrong statute. He could have been charged under the trespass statute, sec. 2340, O. S. 1931, 21 Okla. St. Ann. § 1768; and a con-

viction might be sustained under that statute, where the commission of a willful trespass by a cutting down or destroying of timber growing on the land of another is shown. Malice is not an essential ingredient under that statute, but the act is directed against a willful trespass.

For the above reasons, this case is reversed and the trial court is ordered to discharge the defendant.

BAREFOOT, P. J., and DOYLE, J., concur.