SCHAEFER and wife, Respondents, vs. BEDNARSKI and wife,
Appellants.

*December 8, 1955—January 10, 1956.*

For the appellants there was a brief and oral argument by *William P. Kingston* of Mukwonago.

For the respondents there was a brief by *Lowry & Hunter* of Waukesha, and oral argument by *Richard N. Hunter*.

MARTIN, J.   Lot 1 of section 13 consists of approximately 63 acres, the balance of the section being covered by Big Muskego lake. John Schaefer testified that lot 1 is part of a farm which was operated by his grandfather and father; that from 1917 to 1927 he leased it from his father; that on October 11, 1927, his father gave him a deed to the land. In 1930 he sold the defendants 5.04 acres of lot 1. The land lying between the Bednarski west lotline and the lake was not included in the Bednarski deed and it is this land which is the subject of the action. It is undisputed that a portion of the land in question has been leased from the Schaefers by one Nederkorn since 1941. Nederkorn testified that he built a cottage there, leveled some of the land, planted, harvested, and cared for it during the years of his occupancy.

The trial court found that both plaintiffs and defendants used the property in question during the twenty-year period necessary to effect adverse possession and held that under such circumstances defendants' possession was not sufficiently open, obvious, and adverse to entitle them to judgment on their counterclaim. On appeal defendants take no issue with this finding. Their only contention before this court is that plaintiffs have not established their legal right to possession.

Defendants cite the rule that:

"A party claiming title and right to possession of land, under a very familiar rule, must recover upon the strength of his own title, rather than upon the weakness of the title of his

adversary. Ordinarily, the plaintiff must connect himself with the government title, unless both parties claim from a common source, . . ." *Slauson v. Goodrich Transportation Co.* (1898), 99 Wis. 20, 23, 74 N. W. 574.

It is contended that since plaintiffs offered only the deed of October 11, 1927, and entry No. 3 of the abstract of title, dated November 28, 1945, there was no regular chain of title shown back to the government.

Plaintiffs contend that they introduced sufficient evidence to show record title from one in possession to substantiate a judgment of ejectment, and we agree. The rule is stated as follows in 18 Am. Jur., Ejectment, p. 27, sec. 25:

"Where the plaintiff in ejectment relies on a record or paper title, he must show a regular chain of title from the government or from some grantor in possession, or he must trace his title back to the common source from which both he and his adversary claim. But no length of chain or paper title which does not reach the sovereignty of the soil is sufficient in itself to constitute *prima facie* evidence of title; there must, in addition, be sufficient proof that at least one of the grantors had been in possession of the premises at or near the time of his grant. Of course, where one has shown a perfect chain of paper title from its original source, no proof of actual possession is required; in such event the presumption would be all sufficient, and the title would be complete and perfect. Where, however, this has not been done, a *prima facie* title is shown by a grant from someone who held possession, or by such grant and possession under it by the grantee. As against a mere technical objection by anyone who, at the time the objection was made, appeared to be a mere stranger to the title, such a *prima facie* title would seem quite sufficient. To require more against such an objector would compel one to prove a perfect chain of title as against every stranger making any kind of claim; the law, however, does not require such proof. If the objector has a better or stronger title than the *prima facie* title proved, then he must show it; and until he does, the *prima facie* title prevails."

Certain testimony is recited by defendants to the effect that plaintiffs did not receive title in 1927 from one in possession, but that for ten years prior to the conveyance plaintiffs had themselves been in possession. This is a rather tenuous argument since the evidence is undisputed that the plaintiff John Schaefer's father was in possession prior to 1917, that the plaintiff's possession from 1917 to 1927 was under a lease from his father.

"In order to support a recovery in ejectment founded on prior possession alone, such possession must have been actual; that is, there must be an actual *bona fide* occupation, a *pedis possessio,* a subjection to the will and control, as contradistinguished from the mere assertion of title and the exercise of casual acts of ownership, such as recording deeds, paying taxes, and the like. *The possession need not be personal, however, but may be acquired through the agency of a tenant."* 18 Am. Jur., Ejectment, p. 38, sec. 38.

Under the rules applicable, we must hold that the evidence was sufficient to show a grant from one in possession and *prima facie* title in the plaintiffs. Since defendants failed to show a better or stronger title, such evidence supports the judgment.

The notice of appeal states that appeal is taken from the order of the trial court refusing to vacate the judgment and grant a new trial. However, since defendants have neither included the order in their appendix nor argued the question in their brief or orally, we deem they have abandoned it.

*By the Court.*—Judgment and order affirmed.