STATE, Respondent, vs. BEDNARSKI, Appellant.

*September 13—October 8, 1957.*

For the appellant there was a brief by *Gauer, Buer & Murray* of Milwaukee, and oral argument by *Samuel P. Murray*.

For the respondent there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and oral argument by *Mr. Platz*.

WINGERT, J.   We find no merit in the various specifications of error, and hence the judgment of conviction must be affirmed.

1. To establish that the fence was "the property of another, to wit: John Schaefer" the state offered, and the court received over objection, a certified copy of a judgment rendered in 1954 by the county court of Waukesha county in an action to quiet title brought by John Schaefer and wife against appellant's parents, in which it was adjudged that the Schaefers were the owners in fee simple of certain land

including that on which the fence stood. Appellant contends that the receipt of this evidence was error, because he was not a party to the action in which the judgment was rendered, and therefore was not bound by the judgment. We think, however, that the judgment was properly admitted as *prima facie* evidence of the fact adjudicated by it, that Mr. and Mrs. Schaefer were the owners of the land where the fence stood. That the judgment was not conclusive does not mean that it was inadmissible. Thus deeds are commonly admitted to make a *prima facie* case of title, although they may be rebutted by showing them to be forgeries. So here the judgment was admissible even though not conclusive upon the defendant. While the authorities are in conflict, the view we take finds support in 4 Wigmore, Evidence (3d ed.), p. 671, sec. 1346*a*, and 5 Id., p. 687, sec. 1671*a*; *State v. O'Leary,* 207 Wis. 297, 300–302, 241 N. W. 621; *Schaefer v. Bednarski,* 271 Wis. 574, 576, 74 N. W. (2d) 191; American Law Institute, Model Code of Evidence, pp. 273, 281, 282,.secs. (rules) 515, 521, 523.

2. Appellant sought to rebut the case thus made against him on the ownership question by showing that the land on which the fence stood was lake bottom prior to its drainage in the 1890's in the operations which were held illegal in *Priewe v. Wisconsin State Land & Imp. Co.* 103 Wis. 537, 79 N. W. 780, and that since the drainage was illegal, the state retained title to the former lake bed and hence it was not the land of Schaefer as charged. Against this contention the state suggests that illegally uncovered lake bottom may become private property—here the property of the Schafers—by adverse possession and use, citing sec. 330.10, Stats. 1953, and *State v. Adelmeyer,* 221 Wis. 246, 260, 265 N. W. 838.

We find it unnecessary to determine whether the land was owned by the Schaefers or by the state. Admittedly

appellant did not own it. The statute which he was accused of violating, sec. 343.44, provided:

"Any person who shall wilfully, maliciously, or wantonly destroy, remove, throw down, or injure any fence, . . . *on land belonging to* or lawfully occupied by *another,* . . . or tear down . . . any . . . fence . . . standing or being *upon the land of another* or held in trust; . . . shall be punished by imprisonment in the county jail not more than six months or by fine not exceeding one hundred dollars."

Whether the land belonged to Schaefer or to the state, it belonged to "another" than appellant, and hence he violated the statute in tearing down the fence upon it. Appellant argues that the statute does not apply to property of the state, and points to the fact that a separate section of the statutes, sec. 343.45, provides criminal penalties for injuring or destroying structures belonging to the state or any municipality. The two sections are not necessarily mutually exclusive, however; and we think sec. 343.44, Stats. 1953, is unambiguous in its references to "land belonging to another" and "land of another" and includes land owned by the state.

3. There was no fatal variance between accusation and proof even if we accept the view that the land belonged to the state instead of to the Schaefers. The precise ownership of the land was not material to the merits of the case, it not being contended that defendant was the owner or had any authority from the owner; and there is no showing that defendant was misled to his prejudice by the reference in the complaint and warrant to ownership by Schaefer. It was therefore a case for application of sec. 957.16, Stats. 1955, authorizing amendment to conform to the proof in cases where the variance is not material to the merits of the action, and providing that after verdict the pleading shall be deemed so amended if no objection based on the variance was timely raised at the trial. Supporting the view that

the variance was properly disregarded here are *Anderson v. State,* 221 Wis. 78, 85, 265 N. W. 210; *State v. Carroll,* 239 Wis. 625, 633, 2 N. W. (2d) 211; *State ex rel. Wenzlaff v. Burke,* 250 Wis. 525, 531, 27 N. W. (2d) 475.

4. Finally, appellant contends that after reading *Priewe v. Wisconsin State Land & Imp. Co.* 103 Wis. 537, 79 N. W. 780, and other literature on the drainage of Muskego lake, he concluded that the fence stood on state land and he had a right to tear it down, and that since he acted on the basis of that good-faith belief, his act of destruction was not "wilful, malicious, or wanton" within the meaning of sec. 343.44, Stats. 1953.

While the statute uses the words "wilfully, maliciously, or wantonly," they are in the disjunctive and it is sufficient to prove that the act was wilful. *State v. Carroll,* 239 Wis. 625, 632, 2 N. W. (2d) 211. By the same token it is enough to show that it was wanton. The act was wanton if done in reckless disregard of the rights of the owner. *Werner v. State,* 93 Wis. 266, 272, 67 N. W. 417.

In the present case the appellant's action was deliberate, not merely negligent, and the trial court could properly conclude that it was in reckless disregard of the rights of the owner. Appellant knew the Schaefers claimed ownership of the property and knew about the judgment in their favor in the quiet-title action, in which he had been a witness and which was then on appeal. The fence did not interfere with his riparian right to access to the waters of the lake, for it roughly paralleled the original shore line and no part of it stood between appellant's land and the lake. His deliberately aggressive act of destruction was wilful and wanton, and his mistake of law in believing that he had some sort of a roving commission to tear down fences on state-owned lake bed does not relieve it of those characteristics. See *State v. Carroll,* 239 Wis. 625, 632, 2 N. W. (2d) 211.

*By the Court.*—Judgment affirmed.