Franklin vs. The State.

FRANKLIN, Plaintiff in error, vs. THE STATE, Defendant in error.

*January 11 — January 28, 1896.*

*Criminal law: Instructions: Presumption of innocence.*

The refusal to instruct the jury in a criminal case that "the law
presumes every man innocent, and desires no conviction if the
jury, or any one of them, entertains a reasonable doubt of his
guilt; for while the jury, or any one of them, entertains a reason-
able doubt as to the guilt of the defendant of the crime charged,
he cannot, without a great violence to his conscience and sense of
right, agree upon a verdict of conviction,"— is *held* error, although
the court did charge that the jury could not convict unless, from
all the evidence, there was left in their minds no reasonable doubt
of the guilt of the accused.

ERROR to review a judgment of the municipal court of
Milwaukee county: EMIL WALLBER, Judge. *Reversed.*

The cause was submitted for the plaintiff in error on the
brief of *James H. Stover,* and for the defendant in error on
that of the *Attorney General* and *John L. Erdall,* Assistant
Attorney General.

CASSODAY, C. J. The plaintiff in error was charged and con-
victed of having, at Milwaukee, April 2, 1894, found on and
stolen from the person of one Joseph Fountain $11 in
money, then and there belonging to Fountain and of the
value named, contrary to the statutes (sec. 4413, S. & B.
Ann. Stats.), and he is now serving his sentence of three
years in the house of correction of Milwaukee county. We
cannot say that such conviction was contrary to the evi-
dence.

Error is assigned because, on the trial, the court refused
to give the following instruction: "The law presumes every
man innocent, and desires no conviction if the jury, or any

one of them, entertains a reasonable doubt of his guilt; for while the jury, or any one of them, entertains a reasonable doubt as to the guilt of the defendant of the crime charged, he cannot, without a great violence to his conscience and sense of right, agree upon a verdict of conviction." We are constrained to hold that the refusal to give such instruction, or its equivalent, was error. "The true rule is that the burden of proof is upon the state to prove the guilt of the defendant, and that he is presumed innocent unless the whole evidence in the case satisfies the jury, beyond a reasonable doubt, that he is guilty." *Crilley v. State*, 20 Wis. 232; *Baker v. State*, 80 Wis. 421; *Fossdahl v. State*, 89 Wis. 482, 486. This rule was sanctioned by SHAW, C. J., in *Comm. v. Kimball*, 24 Pick. 366, 374. See, also, *State v. Flye*, 26 Me. 312; *State v. Tibbetts*, 35 Me. 81; *Ogletree v. State*, 28 Ala. 693. Thus, it was held error to refuse an instruction to the effect that the presumption of innocence prevails throughout the trial, and that it is the duty of the jury, if possible, to reconcile the evidence with this presumption. *Farley v. State*, 127 Ind. 419. True, the court charged the jury to the effect that they could not convict unless, from all the evidence, there was left in their minds no reasonable doubt of the guilt of the accused. But this is not equivalent to the instruction refused. *People v. Macard*, 73 Mich. 15; *People v. Potter*, 89 Mich. 353.

*By the Court.*— The judgment of the municipal court of Milwaukee county is reversed, and the cause is remanded for a new trial. The official in charge of the plaintiff in error will surrender him to the sheriff of Milwaukee county, who will hold him in custody until he be discharged or his custody changed by due course of law.