CRAWFORD, Appellant, vs. CHRISTIAN and wife, Respondents.

*January 13 — January 31, 1899.*

*Evidence: Mental capacity: Opinion of nonexpert: Cross-examination: Appeal.*

1. The opinion of a nonexpert witness as to the mental condition of a person cannot properly be received in evidence until such witness has first qualified himself by stating facts within his personal knowledge and means of personal observation, such as to satisfy the court of his ability to give an intelligent opinion liable to be of some assistance to the jury in coming to a correct conclusion.

.Crawford vs. Christian and wife.

2. A witness cannot properly be cross-examined as to a mere collateral
matter, not affecting his credibility, but tending to disgrace him.
3. The findings of the trial court will not be disturbed on appeal un-
less clearly against the preponderance of the evidence.

APPEAL from a judgment of the circuit court for Dodge
county: JAMES J DICK, Circuit Judge. *Affirmed.*

Action to set aside a conveyance of real estate on the
ground of fraud and undue influence. The answer put the
material allegations of the complaint in issue. The court
found the facts as follows: April 17, 1895, plaintiff was the
owner of the property described in the complaint. On that
day he conveyed the same to *Carl Christian* for the sum of
$4,101. He had sufficient mental capacity to conduct the
necessary business transactions to sell and convey his prop-
erty as he did. Neither *Carl Christian,* nor any agent for
or other person acting in his behalf, was guilty of fraud or
undue influence in securing a conveyance of the property,
but it was conveyed by plaintiff freely and voluntarily, ac-
cording to his own wish in the matter. The consideration
for the conveyance was a fair measure of the value of the
property. As conclusions of law the court found, in sub-
stance, that plaintiff failed totally to establish his cause of
action, and that defendants were entitled to a judgment
against the plaintiff for their costs and disbursements in
the action. Judgment was entered accordingly, and plaintiff
appealed.

For the appellant there was a brief by *Malone & Bach-
huber,* and oral argument by *J. E. Malone.* They argued,
among other things, that the conveyance ought .to be set
aside because the evidence showed that the plaintiff was
weak-minded and unable to understand business transac-
tions; that he sold his farm for a very inadequate price, and
without taking proper advice, but under undue influence.
*Cole v. Getzinger,* 96 Wis. 559; *Harding v. Handy,* 11 Wheat.
104, 125; *Jackson v. King,* 4 Cow. 207, 220; *Hall v. Perkins,*

3 Wend. 626, 631; *Taylor v. Taylor*, 8 How. 183; *Wheeler v. Smith*, 9 How. 55, 82; *Watkins v. Brant*, 46 Wis. 419, 428; *Knott v. Tidyman*, 86 Wis. 164.

*George W. Sloan*, for the respondents.

MARSHALL, J.   It is not considered necessary or advisable to discuss at any considerable length the assignments of error urged on this appeal. The cause appears to have been fairly tried and the record free from any prejudicial error.

The evidence of a nonexpert witness as to the mental condition of plaintiff was properly rejected, there being no foundation for a nonexpert opinion from the witness. Such an opinion may properly be given as evidence on the subject of mental unsoundness, but only upon the witness first qualifying himself by stating facts within his personal knowledge and means of personal observation, such as to satisfy the court of his ability to give an intelligent opinion liable to be of some assistance to the jury in coming to a correct conclusion. Such evidence is an exception to the general rule which confines a nonexpert witness to a statement of facts only. The exception applies solely when the qualification of the witness is first satisfactorily shown in the manner indicated. *Burnham v. Mitchell*, 34 Wis. 117; Jones, Ev. § 366; Rogers, Expert Testimony, § 6.

Some remarks were made by the court during the trial, to which exception was taken. They were certainly not prejudicial, as the presiding judge was to decide all questions of fact as well as law.

The cross-examination of a witness on a mere collateral matter, not affecting credibility, but tending to disgrace the witness, was properly excluded. *Emery v. State*, 101 Wis. 627; Jones, Ev. § 836.

The other assignments of error are all directed to whether the findings of fact are sustained by the evidence. The record has been examined with care and without discover-

ing any good reason for disturbing the decision of the trial court, under the familiar rule that such decision must prevail unless clearly against the preponderance of the evidence. That rule applies here the same as in other cases tried by the court.

*By the Court.*— Judgment affirmed.

BARDEEN, J., took no part.

An extensive note upon the subject of nonexpert opinions as to sanity or insanity is appended to the case of *Ryder v. State* (100 Ga. 528), in 38, L. R. A. 721.— REP.

