MEEHAN, Plaintiff in error, vs. THE STATE, Defendant in error.

*October 26—November 17, 1903.*

(1, 2) *Appeal and error: Briefs.* (3–8) *Criminal law and practice: Evidence: Amendment of information: Instructions: Reasonable doubt.*

1. Failure of a brief to give any reference to the place in the record where the evidence or transaction as to which error is assigned can be found, is in direct violation of Supreme Court Rule VIII.
2. Counsel are not justified in alleging errors which they cannot support by any argument.
3. On a trial for assault it was proper to refuse to permit the complaining witness to be cross-examined as to whether at one time he ran a sporting house and was still in that business, such questions having no relevancy to the issue.
4. Error in excluding testimony as to a fact in response to one question is cured by permitting the same witness to testify to that fact immediately afterward in response to another question.
5. An information charging robbery of a silver watch may be amended at the trial by changing the word "silver" to "gold."
6. Error in permitting amendment of a count in an information is not prejudicial where the accused was not convicted on that count.
7. Refusal to give a requested instruction is not error where the subject was fully and exhaustively covered in the instructions given.
8. Omission of the trial court, in the exercise of its discretion, to give to the jury a definition of reasonable doubt, is not error, especially where there was no requested instruction giving any definition.

ERROR to review a judgment of the circuit court for Florence county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

The plaintiff in error was convicted of the charge of assault with a dangerous weapon upon one Morrisino and one Batisto with intent to rob, upon evidence tending to show that, as Batisto and Morrisino came to the door of the

former's saloon at about midnight, the plaintiff in error and one Rice attacked them, demanding that they deliver up their money, the plaintiff in error exhibiting a pistol and threatening to shoot unless they surrendered their property. An encounter took place, in the course of which plaintiff in error's pistol was discharged, considerable personal injury was done both Batisto and Morrisino, and after the fracas Batisto's watch and some money were missing. To a judgment sentencing plaintiff in error to the state reformatory for an indeterminate term of not less than two nor more than five years, this writ of error was brought.

For the plaintiff in error the cause was submitted on the brief of *W. B. Quinlan.*

For the defendant in error there was a brief by the *Attorney General* and *Walter D. Corrigan,* second assistant attorney general, and oral argument by *Mr. Corrigan.*

DODGE, J. The plaintiff in error alleges some twelve or thirteen assignments of error, but nowhere gives any reference to the place in the record where the evidence or transaction complained of can be found. Further, with but three or four exceptions, he apparently has been unable to find either argument or authority to support his charges of error. Such a brief does not merit commendation. The failure of references to the record is, of course, a direct infringement of the rules. Rule VIII. Neither is it justifiable in counsel to allege errors against a trial court which he cannot support by any argument. Notwithstanding the deficiencies in the presentation of the case, however, we have endeavored as far as possible to ascertain the merits or demerits of the trial, and shall dispose of such questions as seem worthy any discussion.

1. Error is assigned upon the sustaining of objections to inquiry on cross-examination of the complaining witness whether at one time he ran a sporting house near Norway,

and whether he was in the same business at the time of the trial. Of course, the effect of such questions, if an affirmative answer was to be expected to them, was merely to degrade and vilify the witness. The fact that he was engaged in such business had no relevancy to the guilt or innocence of the accused. The action of the court in refusing to permit such cross-examination cannot constitute reversible error. *Emery v. State,* 101 Wis. 627, 649, 78 N. W. 145; *Crawford v. Christian,* 102 Wis. 51, 53, 78 N. W. 406; *Paulson v. State,* 118 Wis. 89, 94 N. W. 775.

2. An asserted error predicated upon exclusion of proof that one of the persons assaulted was of quarrelsome disposition when intoxicated was promptly cured by permitting the same witness to testify to that fact immediately afterward in response to another question.

3. Error is assigned because the court permitted the information to be amended by describing the watch of which one count of the information alleged robbery as a gold watch instead of a silver watch. Any error in this respect must have been without prejudice, however, as the plaintiff in error was not convicted upon the count so amended. Independently of this view, however, the amendment was entirely proper to be allowed, under secs. 4703, 4706, Stats. 1898. *Secor v. State,* 118 Wis. 621, 95 N. W. 942.

4. Error is assigned upon refusal to give to the jury an instruction requested in the same language considered and approved in *Franklin v. State,* 92 Wis. 269, 66 N. W. 107, generally to the effect that each juryman should be individually convinced beyond a reasonable doubt of the guilt of the accused before he should consent to a verdict of guilty. An examination of the charge discloses that the subject was fully and exhaustively covered in the instructions in fact given to the jury, and, while the exact language requested by the plaintiff in error may well have been proper, no prejudicial error can be asserted when the same idea is correctly and ade-

quately conveyed to the jury. True, counsel asserts in his brief that this subject was not covered by the instruction given, but makes no effort to point out the elements contained in the request which were lacking in the charge. None such are apparent to us.

5. Error is assigned on the omission of the court to make any attempt to define reasonable doubt further than to say that it is not a mere imaginary doubt. The court stated to the jury: "I won't tell you what a reasonable doubt is. It is quite a difficult thing, but I think you, as intelligent men, will understand what is meant." There was no requested instruction giving any definition, which circumstance of itself would preclude counsel from effectively assigning error upon the omission, but, as has often been said by courts, the propriety of definition of ordinary words in the English language is a question calling for the exercise of the discretion of the trial court. Appellate courts have differed as to the advisability of attempting to amplify or explain the meaning of the expression "reasonable doubt." In opinions emanating from different members of this court, variant personal views have been expressed as to the wisdom or advisability of such attempts, but the exercise of its discretion by the trial court as to whether to make the attempt or not has never been held subject of review or cause for reversal, unless, indeed, the attempt were made and the definition were inaccurate and misleading. *Hoffman v. State,* 97 Wis. 571, 576, 73 N. W. 51; *Emery v. State,* 101 Wis. 627, 78 N. W. 145; *Buel v. State,* 104 Wis. 132, 151, 80 N. W. 78.

6. A large number of quotations from the argument of the district attorney to the jury are assigned as errors, but after careful examination we can find nothing in them demanding even comment. We find none of the errors well assigned.

*By the Court.*—Judgment and sentence are affirmed.