ANDERSON, Plaintiff in error, vs. THE STATE, Defendant in error.

*January 10—March 31, 1936.*

*William E. Burke* of Milwaukee, for the plaintiff in error.
For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, *William A. Zabel,* district attorney of Milwaukee county,

and *Francis A. Darnieder,* special assistant district attorney, and oral argument by *Mr. Darnieder.*

The following opinion was filed February 4, 1936:

FOWLER, J. The defendant was charged with embezzlement on October 20, 1932, of $4,158.80 of moneys belonging to the state collected by him from purchasers as the four-cent per gallon tax imposed by the state on sales of gasoline. Trial was to the court without a jury. The defendant was found guilty and sentenced to the state prison for an indeterminate term of one to five years. It is contended that the evidence does not support the conviction.

The defendant was licensed as a dealer in motor fuel oil, and admitted on the trial that during the month of September, 1932, he collected $1,500 in taxes from purchasers purchasing for resale, and did not turn any of it over to the state, but "put the money in his pocket." He was required by the statute (sec. 78.04, Stats. 1931) to turn over all taxes collected during a given calendar month by the 20th of the month following. He was thus required to pay this $1,500 and all other taxes collected during the month of September by October 20th. October 20th is alleged as the date of the embezzlement. The total tax on sales made by him during the month was the amount charged in the information. The defendant claimed that some of the taxes due for sales made were charged to the purchasers and not in fact collected by him, but how much, if any, was charged and not collected does not appear. The admission as to the $1,500, however, justifies the sentence imposed if it was "put in his pocket" with intent to defraud, as the court by its judgment of guilty found. The defendant stated that he did not intend to defraud the state, but it is obvious that the finding of intent to defraud was amply supported. By sec. 343.21, Stats., the failure to turn over the money on demand was *prima facie* evidence of embezzlement. The court was not bound to take as true the de-

fendant's bald assertion, uncorroborated by any facts or circumstances tending in any way to support it, that he did not intend to defraud. The evidence shows that during about three months the defendant operated he collected $14,000 in taxes and did not turn over any of it, and that he stated that "if he had a couple more months to operate he would be sitting pretty." The inference of intent to defraud was fully warranted.

It is thus apparent that the defendant's conviction must stand unless the defendant's contentions respecting special matters urged in defense are upheld. These matters will be discussed *seriatim*.

(1) It is contended that the statutes as they stood at the time the matters involved occurred merely made the defendant liable to the state for the amount of the tax on the gasoline sold and thus merely created the relation of debtor and creditor. These statutes are contained in ch. 78, Stats. 1931. They provide that it is the intent of the chapter to impose the tax upon the owners and operators of motor vehicles. Dealers in gasoline were required to procure a dealer's license. Every dealer was required not later than the 20th of each calendar month to submit to the state treasurer a sworn statement of the number of gallons sold during the preceding calendar month. Each dealer was required to collect from the purchasers and to pay to the state treasurer the tax of four cents per gallon on each gallon sold when such statement was rendered. In case the tax was not paid by the dealer when due, a penalty of ten per cent immediately accrued, and if the tax remained delinquent, a further penalty of two per cent for each month it remained delinquent was imposed, and the penalties were to be paid when the tax was paid. If the tax remained unpaid on the first of the month following the time when payable, the dealer's license was automatically revoked. The dealer was authorized to collect the four-cent per gallon tax as part of the selling price of the fuel. Sec. 78.10, Stats.,

provided that "any person" who neglected to pay the tax should be guilty of a misdemeanor punishable by a fine of not less than $100 and not more than $1,000, and that action might be brought against a dealer failing to pay the tax, and a receiver might be appointed by the court forthwith of his property and business to impound them as security, and that in case of assignment for the benefit of creditors or bankruptcy proceedings the state's claim for unpaid taxes should be a preferred claim.

The defendant's claim that these statutes constitute the relation of debtor and creditor between him and the state at first blush seems to receive some support from the statement of this court in *Donley v. W. H. Barber Co.* 215 Wis. 338, 340, 254 N. W. 553, that the provision of the statute making the claim for taxes a preferred claim "is an apparent declaration by the legislature of its purpose to treat this as a debt and not as a tax lien." And, of course, generally speaking, taxes are debts due the government. *Mariner v. Milwaukee,* 146 Wis. 605, 609, 131 N. W. 442. However, the declaration of the statute that the purpose of the legislature was to impose the tax on the owner or operator of the motor vehicle, clearly indicates that the tax is imposed against the person purchasing it for use in his motor vehicle, and that the dealer is the agent of the state in collecting the tax. We are of opinion that the chapter should be construed as creating the relation of agent for collection rather than that of a mere debtor. Of course any agent who fails to turn over collections by his failure becomes a debtor, but becoming a debtor does not destroy the relation of agency. The point seems sufficiently covered by a statement in *Monamotor Oil Co. v. Johnson,* 292 U. S. 86, 54 Sup. Ct. 575, 578, concerning a like statute:

"Instead of collecting the tax from the user through its own officers, the state makes the distributor [licensed dealer] its agent for that purpose. This is a common and entirely lawful arrangement."

It was held in *People v. Kopman,* 358 Ill. 479, 193 N. E. 516, under a like statute that the licensed dealer was the agent of the state. We perceive nothing in the Illinois statute to differentiate it on this point from our statute, unless the provision for allowing the dealer the cost of collecting the tax and deducting it from the amount remitted does so. Otherwise the statutes are identical in substance although not in wording. That agency was created by the Illinois statute independent of the allowance of the fee for collection is shown in (2).

(2) It is urged that the provisions making failure to pay the tax by a person a misdemeanor and imposing a penalty for nonpayment limits the state to prosecution for the misdemeanor or suit to collect the penalty. This also, at first blush, seems tenable. However, these remedies lie in absence of intent to defraud. The mere fact of nonpayment renders the delinquent guilty of the misdemeanor, and subjects him to suit as stated. Where the intent to defraud appears, we are of opinion that prosecution for embezzlement also lies. This view is supported by the case of *People v. Kopman, supra.* The Illinois statute involved especially made the distributor the agent of the state, and allowed him the actual cost of making collection and payment, and this to a degree differentiates the case cited from the case at bar, but the fact of agency would seem to follow from a previous declaration of the statute, similar to the declaration of our statute, that the tax was imposed on the privilege of operating motor vehicles on the highways. The prosecution in that case was for embezzlement. The case is squarely in point on the proposition that the state was not prevented by the misdemeanor provision from prosecuting the defendant herein for embezzlement, for the Illinois statute contained a provision making one wilfully failing or refusing to make payment to the state punishable by a fine not to exceed $5,000 or imprisonment

for not less than one nor more than five years, or both such fine and imprisonment.

(3) It is contended that, as the embezzlement was charged in the information as committed on October 20th, and the moneys embezzled consisted of taxes collected in September, the offense of embezzlement was committed prior to the date charged and will not support a conviction of embezzlement on that date. *State v. Cornhauser,* 74 Wis. 42, 41 N. W. 959, is cited in support of this contention. It was there held that as sec. 4667, R. S. 1878, permitted evidence of transactions during the six months succeeding the date of embezzlement charged, no evidence of transactions prior to that date was receivable. The ruling was made upon certification of a question, in substance, as follows: "Was the admission of evidence, against the defendant's objection, tending to prove the collection by him on February 2, 1888, of the sum of $130, and the failure by him to account for said sum on February 25, 1888, competent and proper under the allegations of the information charging embezzlement of $1,600 on May 16, 1888?" If that ruling was correct, it is not applicable here. Here the evidence was not objected to. Had objection been made herein, the information could have been forthwith amended to allege embezzlement on September 1st. No substantive rights of the defendant could have been prejudiced thereby, and if by immediate trial he would be for want of opportunity to prepare for trial, such prejudice could have been avoided by postponement of the time of trial. Here the fact of the receipt of taxes was admitted as was the failure to account. The proofs of the state clearly showed embezzlement as charged, unless as to date. Even an indictment may be amended to conform to the proofs by changing the date of the offense. *Schultz v. State,* 135 Wis. 644, 114 N. W. 505, 116 N. W. 259, 571. The trial court has power to amend an information charging larceny to conform to the

proof as to ownership of property and as to its value if it does not change the grade of the offense. *Baker v. State,* 88 Wis. 140, 59 N. W. 570. It was held proper for the court to strike from an information charging possession of intoxicating liquor for sale the words "for sale," in the absence of evidence respecting purpose to sell, and to submit the case to the jury on the question of unlawful possession. *Halbach v. State,* 200 Wis. 145, 227 N. W. 306. See secs. 357.16 to 357.19, Stats., relating to variance and amendments in criminal cases. It is a familiar rule that proof of commission of an offense about the time charged supports conviction of the offense on the date charged. We see no reason why the information in the instant case may not be considered as amended to conform to the proofs as would be considered in a civil case under like circumstances. See 5 Callaghan's Wis. Dig. p. 4298, § 151; Supp. p. 765, § 151.

(4) The defendant interposed a plea of former acquittal and contends that his plea should have been sustained. The basis of this claim is that the defendant was charged in a prior action commenced on October 8, 1932, with embezzlement on August 1, 1932, of gasoline tax money collected by him, and acquitted of that charge by discharge of the defendant upon motion at the close of the state's evidence, and that, as sec. 355.31, Stats., permits proof on trial for embezzlement of a charge of subsequent embezzlements committed at any time within six months after the date charged, the evidence supporting the instant charge was receivable upon that trial; and that the conviction of the defendant herein of a separate offense upon evidence receivable in the former action operated to put him twice in jeopardy for the same offense, which is prohibited by sec. 8, art. I, Wis. Const.

The information in the instant case charges, in substance, that on October 20, 1932, the defendant, as agent of the state, by virtue of his agency, had in his possession $4,158.80

in moneys of the state, and unlawfully and feloniously embezzled and fraudulently converted said moneys to his own use. The information in the former case was in the same identical language as the one in the instant case, except that the date of the embezzlement was charged as August 1, 1932, and the amount of moneys charged as embezzled was $4,147.80.

While the facts of the instant case might doubtless have been proved to support the conviction in the former case had they been a part of the moneys charged to have been embezzled, the facts in the former could not have been proved to support the instant charge, as the statute only permits transactions subsequent to the date charged to be received in evidence, and does not make admissible transactions prior to that date. It thus appears that the same evidence would not support both convictions. It also appears that none of the evidence received in the instant case was received in the former case, and that none of the evidence received in the former case was received in the instant case.

It is manifest that, if an agent in one month converts to his own use with intent to defraud a specific sum of money in his possession, he commits the offense of embezzlement of that specific sum. That by itself constitutes an offense regardless of whether he subsequently converts another specific sum of money of his principal subsequently coming into his possession to his own use with intent to defraud. The latter also constitutes the offense of a subsequent embezzlement. The two acts constitute separate and distinct crimes of embezzlement. If action for the second embezzlement were tried first, it is plain that jeopardy would not be involved, because evidence of the prior embezzlement would not be receivable. An action might thereafter be brought for the earlier offense, and the defense of jeopardy would not lie in that action because the facts involved in the later would not be admissible therein. The defense of jeopardy cannot depend on the mere circumstance of the order of the trial of

the two actions. Jeopardy would no more be involved were action for the earlier offense brought first and tried first than if the order of bringing and trying the actions had been reversed. Thus the defense of former jeopardy does not lie in the instant case, although some definitions of jeopardy given in the books would appear to bar the instant action. A statement of the rule which has been widely cited is:

"If the facts alleged in the second indictment would not, if proved, warrant a conviction on the first indictment, a prior acquittal is no bar."

This implies that, if the facts involved in the second could have been proven in the first, the second would be barred. But the inaccuracy of the statement is pointed out in an exhaustive note in 92 Am. St. Rep. at pages 106, 107. As there stated:

"A better statement of the test would seem to be that, unless the 'facts alleged under either of the indictments would, if proved under the other, warrant a conviction under the latter,' the offenses charged in the two are not the same."

This correct statement of the rule renders the plea not applicable here because proof of the facts constituting the earlier offense would not be admissible on trial of the later one. The books are full of statements that the offenses, in order to be the same, must be the "same in law and in fact,"—must comprise the same act and crime. Here two distinct crimes were charged in the two actions, embezzlement of the taxes collected during one month, and embezzlement of the taxes collected in a later month. The two offenses were the same in law but not in fact. The same act does not constitute both offenses. The point here attempted to be made ordinarily arises where evidence of the same acts is admissible under charges of offenses under two different statutes, as in *State v. Brooks,* 215 Wis. 134, 254 N. W. 374. Brooks was convicted of adultery after having been previously convicted of lewd and lascivious behavior, and the same evidence that

convicted him of the behavior charge was used in the later trial, with the further fact of marriage. It is there quoted, page 139, from *Morey v. Commonwealth,* 108 Mass. 433:

"A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant conviction upon the other."

The principal applied in the *Brooks Case, supra,* is applied here, although the two offenses here charged are under the same instead of separate statutes.

(5) The defendant contends that ch. 78, Stats., is unconstitutional because of the provision therein that a dealer may be imprisoned for failure to pay the tax collected to the state treasurer, and sec. 16, art. I, of the Wisconsin constitution, provides that no person shall be imprisoned for debt arising out of or founded on a contract, expressed or implied. As above pointed out, the relation between the defendant and the state is not merely that of debtor and creditor, but is that of agent and principal. If defendant's position were correct, there could never be a conviction for embezzlement, larceny, or robbery. One committing any of these crimes becomes the debtor of his victim under implied contract in precisely the same sense and for precisely the same reason that the defendant here involved became a debtor of the state. One may waive the tort against him in any of these cases, and sue on contract to recover the money or the value of the property taken if he wishes, but this does not relieve the debtor of criminal responsibility.

The defendant also urges that ch. 78, Stats., violates the due process and equality provisions of the Fourteenth amendment to the United States constitution, but he does not point out, and we are unable to perceive, any basis for the contention. If he means to urge that the receivership provision of the statute above referred to constitutes the violation, it is

enough to say that the defendant is not, in this suit, affected by that provision. One may not urge the unconstitutionality of a statute upon a point not affecting his rights as involved in his instant case. See cases cited in 1 Callaghan's Wis. Dig. p. 919, § 21; Supp. p. 277, §§ 18, 21.

*By the Court.*—The judgment and sentence of the municipal court are affirmed.

A motion for a rehearing was denied, without costs, on March 31, 1936.