State ex rel. Wenzlaff, Petitioner, vs. Burke, Warden, Respondent.

*April 11—May 13, 1947.*

526

*W. A. Wagner* of Waupun, for the petitioner.

The *Attorney General* and *William A. Platz,* assistant attorney general, for the respondent.

BARLOW, J.    Petitioner, Walter Wenzlaff, alleges that his imprisonment in the state prison at Waupun is unlawful for the reason that at the time of his arraignment and plea of·guilty he was without funds to employ counsel and the court failed to advise him of his right to have counsel and to appoint counsel for him, and he was therefore denied due process of law.

In his petition Wenzlaff alleges that he was committed to and is detained in the Wisconsin state prison by virtue of a judgment of the county court, circuit court branch of the county of Shawano and state of Wisconsin, having been sentenced by said court on August 31, 1939, for an indeterminate term of not less than one year nor more than twenty-five years on charges of assault upon a female with intent to commit the crime of rape, contrary to sec. 340.48, Stats., and having been

previously convicted of an offense punishable only by imprisonment in the state prison, in violation of sec. 359.12; that at the time he was arrested he waived preliminary examination, was bound over to the circuit court branch of the county court of Shawano county and was arraigned in the county court, all of which took place on the day of his arrest; that he entered a plea of guilty to being in a tavern but did not enter a plea of guilty to the charges of assault on a female with intent to commit the crime of rape or being a repeater as contained in the information; that he was without funds with which to employ an attorney and was not advised by the presiding judge that he was entitled to the services of an attorney, nor was an attorney provided for him; that he has a meager education and did not complete more than the fourth grade in country school and did not understand the proceeding in court; that he was denied the right to confer with persons other than inmates of the place where he was confined, and that he now learns an information charging him with being a repeater under the repeater statute was also filed against him. Copies of the court proceedings are made a part of the petition.

The petition furnished the information required in *State ex rel. Doxtater v. Murphy* (1946), 248 Wis. 593, 22 N. W. (2d) 685, and cases therein cited, and complies with the provisions of sec. 292.04, Stats. Unless petitioner intelligently waived his right to counsel he was denied due process of law, see *State ex rel. Drankovich v. Murphy* (1946), 248 Wis. 433, 22 N. W. (2d) 540, and cases cited on pages 438, 439, but the burden of proof rests upon the petitioner to establish by a preponderance of the evidence that he did not intelligently waive the right to assistance of counsel. *Johnson v. Zerbst* (1937), 304 U. S. 458, 468, 58 Sup. Ct. 1019, 82 L. Ed. 1461; 146 A. L. R. 357; *Pinfold v. Hunter* (10th Cir. 1944), 140 Fed. (2d) 564, 39 C. J. S., Habeas Corpus, pp. 668-672, sec. 100,

The return and answer to the petition made by the warden of the prison places in issue the following: (1) Whether petitioner was without funds to employ an attorney at the time he

appeared in court; (2) whether the presiding judge advised petitioner that he was entitled to the services of an attorney; (3) the meager education of petitioner and the time spent in school; (4) that petitioner did not understand the proceedings in court. Denial is made that petitioner pleaded guilty to no offense except that of being in a tavern, and it is alleged that the plea of guilty was made to the information as filed. This raises an issue of fact which should be referred to a referee unless the following allegations in the answer, which are admitted by demurrer, establish proof that the petitioner knew he was entitled to the benefit of counsel to be appointed by the court and did not request it, thereby intelligently waiving counsel.

Answering, defendant alleges, (a) That on March 31, 1914, petitioner was charged with breaking and entering a dwelling house in the daytime with intent to steal, which matter was adjourned to April 2, 1914, and petitioner was released on his own recognizance, and on April 2, 1914, petitioner appeared in court represented by an attorney. The matter was adjourned by consent to June 2, 1914. The court placed petitioner in the custody of his attorney.

(b) That on July 25, 1921, petitioner was arrested, charged with feloniously making an assault on a female person with intent to commit the crime of rape, which matter was adjourned, bail set, and petitioner committed to the county jail in default of furnishing it; that on the adjourned day he appeared in court represented by an attorney, at which time a preliminary examination was held and witnesses examined and petitioner bound over for trial in the upper branch of the municipal court of Outagamie county. Bail was set and petitioner committed to county jail in default thereof, and that thereafter, on proof of indigency, the court entered an order appointing an attorney to represent the petitioner. Thereafter petitioner, through his attorney, pleaded guilty, and on August 19, 1921, was sentenced to the Wisconsin state reformatory for a term of seven years. He was pardoned March 9, 1923.

(c) That on July 18, 1923, petitioner was again arrested, charged with assault on a female person with intent to commit the crime of rape. He employed and was represented by an attorney in court. A preliminary examination was held, petitioner bound over for trial in the upper branch of the municipal court of Outagamie county. Being unable to furnish bail he was committed to the county jail. He later pleaded guilty to the charge of assault and battery, through his attorney, and was placed on probation to his attorney for six months.

(d) That on April 10, 1928, he was arrested on a charge of assault on a female person with intent to commit rape, and on the same day a second warrant was issued for his arrest for assault with intent to commit rape upon another female person. Petitioner employed and appeared with an attorney. Preliminary examination was held, witnesses sworn and examined, and petitioner bound over for trial in the upper branch of the municipal court of Outagamie county, bail set and petitioner was committed to the county jail in default thereof in each case. The court ordered an examination into the mental condition of petitioner, and the physicians appointed reported they found him criminally insane. He was committed to the Central State Hospital on April 23, 1928, and on July 2, 1934, the superintendent of the hospital reported that petitioner had recovered from his psychosis. July 26, 1934, the municipal court of Outagamie county made an order for the return of the petitioner to stand trial. Petitioner appeared with his attorney and entered a plea of not guilty. The district attorney thereafter filed a *nolle prosequi* to the information because of lack of evidence. Petitioner was discharged.

(e) That on December 6, 1934, petitioner pleaded guilty in the circuit court for Marinette county to an information charging assault on a female person with intent to commit rape, and was sentenced for a term of one to five years in the Wisconsin state prison. He was discharged from said sentence on July 26, 1938.

Thus it is admitted in this case that on August 31, 1939, when defendant was arraigned, it was the seventh time he had appeared in court charged with a felony between March 31, 1914, and the date of this arraignment. Five of those six previous times he was charged with making an assault on a female person with intent to commit the crime of rape. Four times he employed private counsel and once counsel was appointed by the court on his request. In four cases preliminary examinations were held and witnesses were examined by his counsel. In all cases he was bound over for trial, and in four cases where bail was fixed he was unable to furnish it and was committed to jail to await trial. He was convicted of some offense in five cases and in one case was sentenced to serve a term of seven years in the Wisconsin state reformatory, but was later pardoned, and in a later case he was sentenced for a term of one to five years in the Wisconsin state prison, which term he served. He was discharged from the Wisconsin state prison July 26, 1938, and the sentence he now complains of was August 31, 1939, or slightly more than a year later. Petitioner's statement made at this time that his plea of guilty was not intelligently or competently entered and that he did not understand the consequences of entering a plea of guilty without the assistance of counsel is inconsistent with his continued experience with courts and court procedure over a long term of years. In *McLaughlin v. Sanford* (D. C. 1943), 52 Fed. Supp. 954, the court, in denying a writ of *habeas corpus,* made special reference to the fact that petitioner in a previous criminal case had requested the appointment of counsel by the court, and one had been appointed. An essential element of lack of due process is that the accused must be ignorant of his right to demand counsel. *Tomkins v. Missouri* (1945), 323 U. S. 485, 488, 65 Sup. Ct. 370, 89 L. Ed. 407. In *Michener v. Johnston* (9th Cir. 1944), 141 Fed. (2d) 171, 174, the court said:

"It remains to inquire whether under all the circumstances in evidence an intelligent waiver may fairly be spelled out; for

despite the wisdom and advisability of plainly informing an accused in every case of his constitutional right to counsel, if he sufficiently understands that such is his right it is not a jurisdictional imperative that he be presently reminded thereof."

The exact age of petitioner is not disclosed in the record, but his first difficulty with the law was more than twenty-four years prior to the time he entered the plea of guilty in the present case. He was at least a middle-aged man. He was found to be criminally insane at one time, but was discharged from the hospital upon report of the superintendent that he had recovered from his psychosis, from which we have a right to assume he was sane thereafter.

It is considered no useful purpose can be served by a reference. Assuming that petitioner had no funds and was entitled to the appointment of counsel to represent him and that no counsel was appointed, the undisputed facts show he knew he was entitled to the benefit of counsel appointed by the court and knew the consequences of entering a plea of guilty, and that his failure to request the appointment of counsel constituted a voluntary and intelligent waiver of this constitutional right.

Petitioner attacks the sufficiency of the information which charged that Walter Wenzlaff on or about the 18th day of August, 1939, at the town of Navarino, Shawano county, "did assault a female with intent to commit the crime of rape, contrary to section 340.48, Wisconsin Statutes." Claim is made that no criminal offense is charged under the law because the name of the female assaulted is not included in the information, and therefore the court was without jurisdiction and the judgment is void. If the sufficiency of the information had been attacked at the time of arraignment it could have been amended by including the name of the person attacked. Secs. 357.16, 357.19, Stats. *State v. Carroll* (1942), 239 Wis. 625, 2 N. W. (2d) 211; *Anderson v. State* (1936), 221 Wis. 78, 84, 265 N. W. 210. The information charges a criminal offense

in the words of the statute, sec. 340.48. While an information must contain circumstances necessary to an exact description of the offense as defined by the statute creating it, it does not follow that the facts alleged do not constitute a criminal offense where the defect is merely of form and not a substantive part of the offense itself. Sec. 355.33 provides that after verdict an information charging an offense in the words of the statute or words of substantially the same meaning is sufficient. Sec. 355.23 recognizes immaterial defects and provides that no information shall be deemed invalid, or judgment or other proceedings affected, by reason of defect in the matter of form which shall not tend to the prejudice of the defendant. An information or indictment has been held sufficient after verdict even though it failed to allege the name of the person collaterally involved in the offense. *People v. Kinsley* (1931), 118 Cal. App. 593, 5 Pac. (2d) 938; *Hornsby v. State* (1917), 16 Ala. App. 89, 75 So. 637; *Marino v. State* (1936), 171 Md. 104, 187 Atl. 858. The same rule has been applied where there was failure to describe with certainty property alleged to have been stolen or otherwise made the subject of a crime. *Dunbar v. United States* (1895), 156 U. S. 185, 15 Sup. Ct. 325, 39 L. Ed. 390; *State v. Green* (1925), 157 La. 546, 102 So. 664; *State v. Estabrook* (1939), 162 Or. 476, 91 Pac. (2d) 838. A plea of guilty has the same effect as a verdict of guilty with regard to defective averments of an information or indictment. 31 C. J., Indictments and Informations, p. 874. It is considered that the defect is one as to form only, which will not be inquired into on *habeas corpus,* and that the information charges a criminal offense under which the court had jurisdiction.

*By the Court.*—Writ denied.