SMITH, Plaintiff in error, v. STATE, Defendant in error.

*No. State 46. Submitted under sec. (Rule) 251.54 April 3, 1974.—Decided May 7, 1974.*
(Also reported in 217 N. W. 2d 257.)

---

[4] *Kluck v. State* (1967), 37 Wis. 2d 378, 389, 155 N. W. 2d 26.

The cause was submitted for the plaintiff in error on the brief of *James E. Garvey* of Eau Claire, and for the defendant in error on the brief of *Robert W. Warren,* attorney general, and *Robert D. Martinson,* assistant attorney general.

ROBERT W. HANSEN, J. The sole issue on this appeal is whether the trial court lacked jurisdiction because the information failed to name the murder victim: A child, David Johnson, the thirteen-month-old son of Edith Johnson, with whom the defendant was living at the time of the murder. This precise issue was raised and decided by this court, in this case and as to this defendant, on his 1969 petition for writ of habeas corpus. In its unpublished opinion,[1] this court held the statute setting forth requirements for a criminal information made no reference to identifying the victim of the crime;[2] the

[1] *State ex rel. David C. Smith v. Elmer Cady* (1969), Unpublished Opinion No. 69/159.

[2] *Id.* at page 3, holding: "No reference is made in the statute to identifying the victim of the crime." Citing sec. 955.14 (2), Stats., providing: "The information, indictment or complaint shall state the crime or charge in plain, concise language, without unnecessary repetition and shall contain the name of the court in which the action is pending, the title of the action, the name of the defendant or a description sufficient to identify him, and a citation of the

defendant or his counsel were not in any way misled by the deletion of the name from the information;[3] and any objection to the form of the information was waived.[4] The postconviction relief statute provides that any ground for relief "finally adjudicated" may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was not earlier asserted or was inadequately raised.[5] This court

statute which he is charged with having violated, and shall conclude with the words 'against the peace and dignity of the state.' "

[3] *Id.* at page 3, holding: "In addition, there is no question from the record who the deceased was, nor that the defendant or his counsel were in any way misled by the deletion of the name from the information." *See:* Sec. 955.14 (3), Stats. 1965, now sec. 971.26, providing: "No indictment, information, complaint or warrant shall be invalid, nor shall the trial, judgment or other proceedings be affected by reason of any defect or imperfection in matters of form which do not prejudice the defendant," and *State v. Bagnall* (1973), 61 Wis. 2d 297, 305, 306, 212 N. W. 2d 122, holding that this statute "requires a showing of *actual* prejudice." (Citing *State ex rel. Wenzlaff v. Burke* (1947), 250 Wis. 525, 532, 27 N. W. 2d 475, where the information charged the defendant with assaulting a female and did not name any particular victim, holding the failure to name the victim to be a nonjurisdictional defect of form only, and, if not prejudicial to the defendant, a defect that did not invalidate the information or any proceedings based thereon.)

[4] *Id.* at page 3, holding: ". . . any objection to the form of the information was waived." As to defects in form being waived by failure to object prior to trial, *see: Huebner v. State* (1967), 33 Wis. 2d 505, 515, 147 N. W. 2d 646, holding: ". . . The failure to state the name of a victim in an information charging a sex offense is a defect in form [Citation omitted] and should have been objected to prior to trial." *See also: Weber v. State* (1973), 59 Wis. 2d 371, 378, 208 N. W. 2d 396; *Craig v. State* (1972), 55 Wis. 2d 489, 198 N. W. 2d 609; *Christian v. State* (1972), 54 Wis. 2d 447, 460, 195 N. W. 2d 470.

[5] Sec. 974.06 (4), Stats., provides: "(4) All grounds for relief available to a prisoner under this section must be raised in his original, supplemental or amended motion. *Any ground finally adjudicated* or not so raised, or knowingly, voluntarily and in-

has said that sec. 974.06, Stats., was authorized ". . . as a substantial replacement for the petition for habeas corpus in this court. . . ." [6] Courts do not ordinarily entertain successive applications for writs of habeas corpus based on the same ground and the same facts.[7] Therefore, we see no reason to review by writ of error a denial of a motion for postconviction relief based on the same ground and same facts on which a previous petition for habeas corpus was denied. Having once plowed that field, we see no good purpose served by putting the plow to it again.

*By the Court.*—Order affirmed.

---

telligently waived in the proceeding that resulted in the conviction or sentence *or in any other proceeding the prisoner has taken to secure relief may not be the basis for a subsequent motion,* unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion." (Emphasis supplied.)

[6] *Peterson v. State* (1972), 54 Wis. 2d 370, 381, 195 N. W. 2d 837, also stating: ". . . A sec. 974.06 motion can be made only after the defendant has exhausted his direct remedies which consist of a motion for a new trial and appeal. . . . The motion must not be used to raise issues disposed of by a previous appeal. . . ."

[7] 39 C. J. S., *Habeas Corpus,* pp. 699, 700, sec. 105, stating: ". . . The same court will not ordinarily entertain successive applications for writs of habeas corpus based on the same ground and the same facts, or on other grounds or facts which existed when the first application was made whether or not they were presented at that time. . . ."