PER CURIAM.
The appellant was tried and convicted of theft pursuant to section 812.014, Florida Statutes (1987), for the conversion of money, property of the State of Florida. He asserts as error the admitting into evidence bank records, tax returns, and an audiotaped statement he made to investigators. He also contends the trial judge erred in not granting his motion for judgment of acquittal on the ground that the state failed to prove criminal intent.[1]
We find no error in the trial court’s rulings and affirm the conviction; however, we certify to the Florida Supreme Court the following questions as matters of great public importance:
1. DOES THE STATE HAVE A POS-SESSORY INTEREST IN LOCAL OPTION GASOLINE TAXES COLLECTED BY A RETAIL SELLER UNDER SECTION 336.025 SUCH THAT THE TAXPAYER’S FAILURE TO PAY SUCH TAXES WHEN DUE CONSTITUTES THE OFFENSE OF GRAND THEFT UNDER SECTION 812.014, FLORIDA STATUTES?
2. IF THE STATE DOES NOT HAVE A POSSESSORY INTEREST IN THE COLLECTED TAXES, IS A CONVICTION OF GRAND THEFT UNDER THESE CIRCUMSTANCES FUNDAMENTAL ERROR THAT WARRANTS AN APPELLATE COURT TO REVIEW THE ISSUE EVEN THOUGH THE ISSUE HAS NOT BEEN PROPERLY PRESERVED BY THE DEFENDANT?
ERVIN and BARFIELD, JJ., concur.
ZEHMER, J., dissents with opinion.

. The parties were directed to file supplemental briefs explaining the legal basis for ruling that the local option gas tax collected by the defendant but not remitted with the return was legally U.S. currency belonging to the State of Florida. This matter was not addressed to the trial court, and we make no ruling on matters discussed in the supplemental briefs. The appellant did argue to the trial court that the state had no possessory interest in the tax money, but he has not pursued that issue on appeal.