W. SHARP, Judge.
Blaekshears II Aluminum, Inc. appeals from a final order of the Department of Revenue, which requires it to pay the state over $600,000.00 in “taxes,” penalties and interest for sums it collected from customers from June of 1985 through March of 1989.[1] *929 Blackshears is a contractor principally engaged in real estate improvements, and it is a registered sales tax dealer. The parties concede that the $277,406.53 which Blackshears collected from its real estate customers during this time frame was for nontaxable transactions. Blackshears has retained all of these collections and has neither remitted them to the state nor refunded them to its customers. We affirm.
We agree with the state that the sums collected by Blackshears as taxes, regardless of whether the transactions were actually taxable, produced de facto tax funds due to the state, which either should have been immediately remitted to the state or refunded to Blackshears’ customers. As a registered sales tax dealer pursuant to section 212.18, Florida Statute (1989), whenever Blackshears collects funds from customers as taxes, it does so as the state’s agent. It has no right to retain the monies whether wrongfully or rightfully collected. See Cash v. State, 628 So.2d 1100 (Fla.1993); Department of Revenue v. Rudd, 545 So.2d 369 (Fla. 1st DCA 1989).
In 1991, the Legislature enacted section 213.756, which provides:
213.756. Funds collected are state tax funds
Funds collected from a purchaser under the representation that they are taxes provided for under the state revenue laws are state funds from the moment of collection and are not subject to refund absent proof that such funds have been refunded previously to the purchaser.
Blackshears argues that this section cannot be applied here because the assessments involved in this case arose out of transactions occurring from 1985 to 1989, and the statute became effective in 1991. We think this section clarified, rather than changed, the existing law and thus it can be applied to this case. See State ex rel. Szabo Food Service, Inc. of North Carolina v. Dickinson, 286 So.2d 529 (Fla.1973) (amendment to sales and use tax statute was not a change in law but rather was a clarification of original legislative intent; the mere change of language does not necessarily indicate an intent to change the law for the intent may be to clarify what was doubtful and safeguard against misapprehension as to existing law). Compare State, Department of Revenue v. Zuckerman-Vernon Corp., 354 So.2d 353 (Fla.1977) (changes in penalties for failure to pay required taxes constituted an amendment which could not be retroactively applied).
Since the funds collected by Blackshears are deemed to be state funds (even if erroneously or improperly collected), Blackshears is fully subject to the penalties and interest provisions set out in section 212.12. Any other interpretation would encourage fraudulent collection of bogus taxes by sales tax licensees, who would have little to lose by retaining the wrongful collections and using them for their own purposes.
AFFIRMED.
THOMPSON, J., concurs.
GOSHORN, J., concurs specially with opinion.

. After an audit was performed, the Department of Revenue imposed a final assessment of $623,-131.69 against Blaekshears, which prompted Blaekshears to initiate these proceedings. The parties stipulated that the portion of the total tax assessment attributable to real property contracts is $277,406.53. By March 29, 1993', $359,163.84 in interest and penalties had accrued for a total *929 of $636,570.37. Additional interest in ■ the amount of $89.01 per day accrued until the tax was paid. Blackshears received a credit for $16,180.19 for taxes previously paid to the Department.