HARRIS, J.
By section 403.718, Fla. Stat. (1991), the legislature imposed a “fee” on the sale of new vehicle tires to fund the environmentally safe disposition of used tires. This fee was to be separately stated on the invoice to purchasers. In addition to the state requirements concerning the sale of new tires, Daytona Wheels, Inc. was also required to provide, either by a fee to the county or by private contract at its expense, actual approved disposition of the used tires coming into its hands. It did this by private contract and added the actual cost of such disposition to the invoices of purchasers of new tires who left used tires for disposition. It made this “disposition” charge as an additional add-on to the invoice without distinguishing it from the state fee. In other words, under the heading of “disposal tax/waste tax” or “scrap tire removal” or “tire waste fee” or “scrap tire disposal” or “scrap” or “waste/disposal” or “waste charge” or “scrap tire disposal” or “waste disposal,” Daytona Wheels included both the state charge and its cost of disposal conducted under county requirements in one sum.
It is not disputed in this appeal that in fact Daytona Wheels actually expended for the purpose of waste tire disposal all sums collected through these invoices. In other words, no purchaser paid more than the law allows.
The Department of Revenue, although admitting that it received all sums due it under section 403.718, Fla. Stat., nevertheless assessed as a penalty all sums collected by Daytona Wheels which were applied to its waste removal because the state fee was not “stated separately.” We reverse.
First, section 403.718, Fla. Stat., has no enforcement mechanism. It makes no provision for the assessment of a penalty. We find section 213.756, Fla. Stat., inapplicable because we are not here dealing with a tax assessment or the purported tax assessment. We distinguish Blackshears II Aluminum, Inc. v. Department of Revenue, 641 So.2d 928 (Fla. 5th DCA 1994), because in Blackshears the dealer had collected the sums as taxes and had kept the money. In our case, we find the sums collected, even though designated on a few of the invoices as a “waste tax,” were in fact fees.
Second, such fees were not kept by the dealer but were expended to satisfy a specific governmental requirement. Although we agree that stating the state fee separately would make for an easier audit and is a justified requirement, we do not read into the state policy behind the “separately stated” requirement an intent to forfeit monies collected for a similar purpose but included within the same heading on the invoice. Compliance can be obtained by the Department without such drastic measures being taken.
REVERSED.
ANTOON, C.J., and DAUKSCH, J., concur.