The Honorable Alfred "Al" Lawson, Jr. Senator, District 3 210 Senate Office Building 404 South Monroe Street Tallahassee, Florida 32399-1100
Dear Senator Lawson:
You ask substantially the following questions:
1. Does Chapter 791, Florida Statutes, permit a fireworks seller to sell fireworks to consumers where the consumer claims compliance with a statutory exemption under section 791.04 Florida Statutes, on a form provided by the seller, without requiring verification of the purchaser's eligibility under the exemption?
2. Does Chapter 791, Florida Statutes, permit a fireworks seller to sell fireworks to consumers where the consumer claims compliance with a statutory exemption under section 791.07 Florida Statutes, on a form provided by the seller, without requiring verification of the purchaser's eligibility under the exemption?
3. Does the collection of sales tax on the sale of fireworks when not authorized, or the failure to collect sales tax when required, under the state tax code make the transaction illegal under section 791.04, Florida Statutes?
In sum:
1. This issue is currently before the Third District Court of Appeal in State v. Miketa.[1] In order not to intrude upon the constitutional prerogative of the judicial branch, this office must respectfully decline to comment on this issue at this time.
2. The signing of an affidavit or form stating that the buyer intends to use the fireworks for agricultural use would not appear to comply with the requirements of the statute or rules. Instead, the buyer must present the seller with a copy of the statement he or she has previously filed with the sheriff containing the information enumerated in the rules before such person is eligible to acquire fireworks pursuant to section 791.07, Florida Statutes.
3. The collection of sales tax when not authorized, or the failure to collect sales tax when required, under the state tax code does not make a transaction illegal under section 791.04, Florida Statutes.
Question One
Chapter 791, Florida Statutes, regulates the sale of fireworks within this state.[2] Section 791.02(1), Florida Statutes, makes it unlawful for any person, firm, copartnership, or corporation to offer for sale, expose for sale, sell at retail, or use or explode any fireworks except as provided therein. The chapter imposes criminal penalties for violations of its terms.[3]
Section 791.04, Florida Statutes, however, provides:
"Nothing in this chapter shall be construed to prohibit any manufacturer, distributor, or wholesaler who has registered with the division pursuant to s. 791.015 to sell at wholesale such fireworks as are not herein prohibited; to prohibit the sale of any kind of fireworks at wholesale between manufacturers, distributors, and wholesalers who have registered with the division pursuant to s. 791.015; to prohibit the sale of any kind of fireworks provided the same are to be shipped directly out of state by such manufacturer, distributor, or wholesaler; to prohibit the sale of fireworks to be used by a person holding a permit from any board of county commissioners at the display covered by such permit; or to prohibit the use of fireworks by railroads or other transportation agencies for signal purposes or illumination or when used in quarrying or for blasting or other industrial use, or the sale or use of blank cartridges for a show or theater, or for signal or ceremonial purposes in athletics or sports, or for use by military organizations, or organizations composed of the Armed Forces of the United States; provided, nothing in this chapter shall be construed as barring the operations of manufacturers, duly licensed, from manufacturing, experimenting, exploding, and storing such fireworks in their compounds or proving grounds."
The issue of whether a fireworks seller may sell fireworks to consumers where the consumer claims compliance with a statutory exemption under section 791.04, Florida Statutes, on a form provided by the seller, without requiring verification of the purchaser's eligibility under the exemption, is currently under consideration by the Third District Court of Appeal in State v.Miketa.[4] Accordingly, in order to avoid an unwarranted intrusion into the province of the judiciary, this office must respectfully decline to comment upon this matter at this time.
I would, however, note that in Miketa, the defendant had been charged with the illegal retail sale of fireworks in violation of section 791.02, Florida Statutes. Prior to trial, the defendant filed a motion to dismiss, admitting to selling the fireworks but asserting that he did not violate the statute because he had the purchaser sign a document on which the purchaser stated that he reviewed section 791.04, Florida Statutes, and that the purchase fell within an exemption specified in the statute. The defendant contended that the sale was lawful since it was consummated only after the purchaser, via the verification form, established that he could lawfully purchase the fireworks.
The trial court granted the motion to dismiss, concluding that as the statute was penal in nature, it should be strictly construed against the state. Since the fireworks statute failed to include a requirement that the seller make a bona fide attempt to determine if the purchase is exempt, such a requirement could not be read into the statute. On appeal, the Circuit Court affirmed the County Court's dismissal of the information finding that the statute does not require a seller of fireworks to use due diligence to determine if the purchase is lawful. The Circuit Court held that all that was required of the seller, before he could lawfully sell the fireworks, was for the purchaser to sign a statement that he is covered by one of the exemptions to the statute.
The state has appealed this decision to the Third District Court of Appeal. This office, on behalf of the state, has argued that the statute requires more than merely having a purchaser sign a form stating that he meets a statutory exemption in order to lawfully purchase fireworks; rather, it requires the seller to use due diligence to determine if the purchaser fits a statutory exemption.
Question Two
Section 791.07, Florida Statutes, provides that nothing in Chapter 791 "shall prohibit the importation, purchase, sale, or use of fireworks used or to be used solely and exclusively in frightening birds from agricultural works and fish hatcheries; and such useshall be governed entirely by the rules prescribed by theDepartment of Agriculture and Consumer Services." (e.s.)
The statute thus permits the purchase and sale of fireworks for use in frightening birds from agricultural works and fish hatcheries, provided such use is in accordance with the rules of the Department of Agriculture and Consumer Services. The department has adopted Rules 5A-3.001 and 5A-3.002, Florida Administrative Code, which respectively provide:
"5A-3.001 Application to Sheriff for Use of Firecrackers. Any person who is engaged in agricultural works or who operates a fish hatchery may use firecrackers solely and exclusively for the purpose of frightening birds from doing harm to any such person's agricultural works or fish hatchery operation; provided that anysuch person shall first file with the sheriff of the county in which he is engaged in agricultural works or the operation of a fish hatchery a statement in writing that he is engaged inagricultural works, describing the nature of such, or that heoperates a fish hatchery, describing the nature of such, and desires to use firecrackers to frighten birds from harming his agricultural works or his fish hatchery operation and that firecrackers will be used solely and exclusively for that purpose.
5A-3.002 Acquisition of Firecrackers. Any person may acquire from any authorized person firecrackers for purposes stated in Section5A-3.001 upon presenting a copy of his statement filed with the sheriff."
The rules thus require a person to first file a statement with the sheriff that not only states that he or she is engaged in agricultural works or operates a fish hatchery, but that also describes the nature of those operations and states that the firecrackers will be used solely for the purpose of frightening birds from such operations. Before a person may acquire firecrackers, he must present a copy of that statement. Failure to present such a copy contravenes the rules and the statute that provide a limited exception to the prohibitions of Chapter 791, Florida Statutes.
The statute and rules, read together, thus establish the procedures to be followed in order to qualify for the exception recognized by section 791.07, Florida Statutes. The signing of an affidavit or form stating that the buyer intends to use the fireworks for agricultural use would not appear to comply with the requirements of the statute or rules. Rather, the buyer must present the seller with a copy of the statement he or she has previously filed with the sheriff containing the information enumerated in the rules before such person is eligible to acquire fireworks pursuant to section 791.07, Florida Statutes.
Question Three
It is the nature of the transaction, not whether sales tax is collected or not, that determines whether the prohibitions in section 791.02, Florida Statutes, have been violated. As discussed above, section 791.02(1), Florida Statutes, makes it unlawful to offer for sale, expose for sale, or sell at retail fireworks except as provided in Chapter 791, Florida Statutes. As this office recognized in Attorney General Opinion 93-26, however, while section 791.04, Florida Statutes, does not permit the sale of fireworks to consumers generally, the statute does except the sale of fireworks for certain specified purposes from the general prohibition against the sale of fireworks in this state.
While failure to properly collect sales taxes may subject the seller to penalties under the tax code, it does not convert an otherwise permissible transaction into an illegal transaction under section 791.02, Florida Statutes.[5]
Accordingly, I am of the opinion that the collection of sales tax when not authorized, or the failure to collect sales tax when required under the state tax code, does not make a transaction illegal under section 791.04, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Case No. 3d 00-2421 (Fla. 3d DCA, filed August 28, 2000).
[2] See, s. 791.01(4), Fla. Stat., defining "Fireworks" for purposes of the chapter.
[3] See, s. 791.06, Fla. Stat., which provides that any firm, copartnership or corporation violating Ch. 791, Fla. Stat., is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.083 or, in the case of individuals, the members of a partnership and the responsible officers and agents of an association or corporation, punishable as provided in s. 775.082
or s. 775.083, Fla. Stat.
[4] Case No. 3d 00-2421 (Fla. 3d DCA, filed August 28, 2000).
[5] Cf., s. 212.12, Fla. Stat. (establishing penalties for noncompliance). And see, Blackshears II Aluminum, Inc. v.Department of Revenue, 641 So.2d 928, 929 (Fla. 5th DCA 1994), stating that the sums collected as taxes, regardless of whether the transactions were actually taxable, produced de facto tax funds due to the state, which either should have been immediately remitted to the state or refunded to Blackshears' customers: "As a registered sales tax dealer pursuant to section 212.18, Florida Statute (1989), whenever Blackshears collects funds from customers as taxes, it does so as the state's agent. It has no right to retain the monies whether wrongfully or rightfully collected."